# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINGOS J. OLIVEIRA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; CORECIVIC; and DOES 1 THROUGH 100, inclusive,<br><br>　　　　Defendants. | CASE NO. 3:18-cv-00674-GPC-AHG<br>**ORDER**<br>**[ECF No. 9]** |

Before the Court is Defendant CoreCivic's Motion to Dismiss, filed on October 11, 2019. ECF No. 9. After the motion was noticed for hearing on January 17, 2020, the Court issued a briefing schedule requiring the Plaintiff, Domingos J. Oliveira, to file his response brief on or before December 6, 2019. On December 20, 2019, CoreCivic filed a notice of non-opposition to its motion to dismiss. ECF No. 13. To date, Plaintiff has not filed any opposition.

Civil Local Rule 7.1.e.2 requires a party opposing a motion to file an opposition or statement of non-opposition within fourteen calendar days of the noticed hearing (or when otherwise scheduled by the Court). Civ. Local R. 7.1.e.2; *Turner v. Berryhill*, No. 17CV1130-CAB-BGS, 2018 WL 501010, at *3 (S.D. Cal. Jan. 19, 2018). Failure to comply with the rule "may constitute a consent to the granting of a motion." Civ. Local R. 7.1.f.3.c. Local rules have the force of law, *United States v. Hvass*, 355 U.S. 570, 574–75 (1958), and courts have discretion to dismiss cases for failure to comply with the local rules. *Ghazali v. Moran*, 36 F.3d 52, 53 (9th Cir. 1995) (affirming grant of an unopposed motion to dismiss under local rule by deeming a *pro se* litigant's failure to oppose as consent to grant the motion). Before dismissal, the district court "weigh[s] several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (4) the availability of less drastic sanctions.'" *Id.* (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

The Court concludes that the majority of the factors weigh in favor of dismissal. By all indications, Plaintiff was aware of the impending deadline to file his responsive pleadings. Five weeks have elapsed since the extended deadline, and still Plaintiff has not filed an opposition. Thus, the Court finds that "the public's interest in expeditious resolution of litigation," "the court's need to

manage its docket," and "the risk of prejudice to the defendant" all weigh in favor of granting the motion to dismiss. *See Ghazali*, 46 F.3d at 53.

In light of the above, it is hereby **ORDERED** that CoreCivic's motion to dismiss is **GRANTED**. It is further **ORDERED** that the complaint, as stated against CoreCivic, is **DISMISSED WITHOUT PREJUDICE**.

Dated: January 13, 2020

Hon. Gonzalo P. Curiel
United States District Judge